UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06-CV-47-R

RYAN NEIL GREEN, PLAINTIFF

v.

CITY OF SMITHLAND, KENTUCKY, ET AL., DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendants City of Smithland, Tommy Cothran, Rosa Gilland, Hiriam Smith, James Terry, Joe Ward, and George Cooper's Motion for Partial Summary Judgment (Docket #20).  Plaintiff Ryan Green has responded (Docket #22).  Defendants have replied (Docket #23).   This matter is now ripe for adjudication.  For the reasons that follow, Defendant's Motion for Partial Summary Judgment is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff Ryan Green was employed in the City of Smithland's water and sewer operations in 2005 and 2006.  His employment was terminated on January 30, 2006.  Plaintiff claims that the termination (1) was in violation of 42 U.S.C. § 1983, (2) was in violation of public policy, and (3) was in violation of Kentucky's Whistleblower Act.  Defendants filed a Motion for Partial Summary Judgment, arguing that Plaintiff's Whistleblower claim should be dismissed as to all Defendants, and that Plaintiff's claim for punitive damages should be dismissed as to the City of Smithland.

**STANDARD**

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**ANALYSIS**

**I. Kentucky Whistleblower Act claim**

Defendant first argues that Plaintiff's claim under the Kentucky Whistleblower Act

should be dismissed.  Liability under the Kentucky Whistleblower's Act is limited to "employers."  Ky. Rev. Stat. § 61.102.   The statute specifically defines "employers" as "the Commonwealth of Kentucky or any of its political subdivisions."  Ky. Rev. Stat. § 61.101.  Defendant states that the City of Smithland is a Kentucky municipality.  As a municipality, Smithland is not a political subdivision of Kentucky, and cannot claim sovereign immunity.

Plaintiff agrees that if Smithland is a municipality, and not a political subdivision of Kentucky, then Defendants' motion is well taken.  There is no dispute between the parties, and the Court agrees with their interpretation of the controlling legal authority.  Defendants' motion for summary judgment is granted as to Plaintiff's claim under the Kentucky Whistleblower's Act.

**II. Punitive Damages Under 42 U.S.C. § 1983**

The Supreme Court has held that punitive damages cannot be imposed against a municipality for violating 42 U.S.C. § 1983.  *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981).  As stated above, neither party is denying that the City of Smithland is a Kentucky municipality.  Plaintiff agrees that Defendants' motion is well taken as to the liability of the City of Smithland.  Therefore, Plaintiff's claim for punitive damages under § 1983 is dismissed as to the City of Smithland.

**III.  Punitive Damages For Wrongful Discharge in Violation of Public Policy**

Finally, Defendant argues that punitive damages cannot be imposed on the City of Smithland for the Plaintiff's claim that he was wrongfully discharged in violation of public policy.  Defendant argues that Ky. Rev. Stat. § 65.2002 precludes the imposition of punitive damages against a local government.  Section 65.2002 states that:

> The amount of damages recoverable against a local government for death, or personal injury, or personal property damages arising out of a single accident or occurrence, or sequence of accidents or occurrences, shall not exceed the total damages suffered by Plaintiff, reduced by the percentage of fault including contributory fault, attributed by the trier of fact to other parties, if any.

Plaintiff argues that § 65.2002 only limits punitive damages recoverable for death, personal injury, or property damages. The Court agrees the plain language of the statute is limited to those three situations. Additionally, the only cases submitted to the Court in which § 65.2002 was found to preclude punitive damages against a local government were personal injury cases. *See Louisville Metro Housing Authority v. Burns*, 198 S.W.3d 147, 147 (Ky. App. 2005) (precluding punitive damages against a local housing authority for plaintiff's exposure to lead while living in public housing). As this case does not involve death, personal injury, or property damage, the Court finds that § 65.2002 is not applicable. Therefore, Defendants' motion is denied as to the dismissal of Plaintiff's claim for punitive damages for his wrongful discharge in violation of public policy.

## CONCLUSION

For the above reasons, Defendant's Motion for Partial Summary Judgment is GRANTED in part and DENIED in part.

An appropriate order shall issue.